UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WHITE,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Civil No.: 3:15-CV-02202-GPC<br>Criminal No.: 3:13-CR-0491-GPC-4<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>**[ECF No. 523.]** |

On October 2, 2015, Petitioner Shannon White ("Petitioner"), a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 523.)[1] On May 26, 2016, the government filed an opposition (Dkt. No. 537), and Petitioner filed a reply on August 1, 2016 (Dkt. No. 543). For the reasons given below, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his conviction and sentence.

## BACKGROUND

On February 8, 2013, the government filed a four-count indictment charging

---

[1] All docket citations refer to the docket numbers as filed in Petitioner's criminal case, 3:13-CR-0491-GPC-4. All page numbers cited refer to the pagination created by the CM/ECF system.

1

Petitioner and his co-conspirators with conspiracy to distribute methamphetamine, distribution of methamphetamine, and possession of methamphetamine. (Dkt. No. 1.) On March 25, 2014, the government filed a superseding information charging Petitioner with conspiracy to distribute five grams and more of methamphetamine. (Dkt. No. 358.) Petitioner pled guilty to the superseding information. (Dkt. No. 360.) Petitioner accepted the Plea Agreement, waiving his rights to subsequently request modification of his sentence under 18 U.S.C. § 3582, in exchange for the government recommending an additional 2-level downward variance. (Dkt. No. 362 at 3–4.) On April 10, 2014 the Court accepted Petitioner's guilty plea. (Dkt. No. 371.)

On July 11, 2014, Petitioner appeared before the Court for sentencing on his conviction on the superseding information. (Dkt. No. 534 at 2–3.) During the sentencing hearing, the Court found that Petitioner qualified as a Career Offender under §4B1.1 of the U.S.S.G., because the Petitioner had two qualifying predicate felonies. (*Id*. at 19–22.) The Court identified two specific convictions as predicate felonies qualifying Petitioner as a Career Offender. First, on May 26, 1994, Petitioner pled guilty to possession for sale or purchase for the purpose of sale of cocaine base in violation of Cal. Health & Safety Code § 11351.5 in the California Superior Court, County of San Diego. (Dkt. No. 384 at 8.) Petitioner received a one-year custodial term and three years of probation for this conviction. (*Id*.) On February 14, 1996, during the pendency of his probation, Petitioner committed an additional crime which resulted in the revocation of his probation. (*Id*.) Petitioner then received eight years in prison, served five years, three months, and eight days of that sentence, and was paroled on May 21, 2001, within fifteen years of the instant offense. (*Id.*)

The Court identified Petitioner's conviction in this District for committing violations of 21 U.S.C. § 841(a)(1), Distribution of Marijuana, as the second predicate felony qualifying Petitioner as a Career Offender. (Dkt. No. 384 at 11 (citing 3:09-cr-03397-JM-1).) Petitioner pled guilty to three counts on December 10, 2009 and was sentenced to a 33-month custodial sentence on February 26, 2010. (*Id*.) The Court found

that these two prior convictions qualified Petitioner as a Career Offender, thus automatically placing Petitioner within Criminal History Category VI.  (Dkt. No. 534 at 20.)

In addition, at the sentencing hearing, Petitioner knowingly and voluntarily waived his rights to subsequently request modification of his sentence under 18 U.S.C. § 3582, in exchange for the government recommending an additional 2-level downward variance.  (*Id.* at 3–4.)  The Court granted the 2-level downward variance.  (*Id.* at 5.)

On October 2, 2015, Petitioner filed the present motion to vacate his sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel on three grounds: (1) counsel's failure to file a notice of appeal at Petitioner's request; (2) counsel's failure to challenge Petitioner's Career Offender status; (3) and counsel's failure to challenge the probation officer's use of the 2013 sentencing guidelines.  (Dkt. No. 523 at 14.)  Petitioner additionally challenges his Career Offender status in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (*Id.*)

## LEGAL STANDARDS

### I.  28 U.S.C. § 2255

Section 2255 provides that a federal prisoner seeking relief from a custodial sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979) (internal citation and quotation marks omitted).  "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255."  *United States v. Wilcox*, 640 F.2d

970, 973 (9th Cir. 1981).

## II. Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the constitutional right to be represented by counsel at all critical stages of the prosecution. *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002). To prevail on a claim that his trial counsel rendered ineffective assistance, a petitioner must demonstrate that: (1) the counsel's performance was deficient; and (2) the deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 688–93 (1984). Under the performance prong of the *Strickland* test, the Court does not focus on whether counsel's advice was right or wrong, but whether that advice was within the range of competence demanded of attorneys in criminal cases. *Turner*, 281 F.3d at 881(quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). There is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." *Strickland*, 466 U.S. at 689. Under the prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

A petitioner must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. *Id.* at 687; *United States v. Olson*, 925 F.2d 1170, 1173 (9th Cir. 1991). "Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] address both components of the inquiry if the defendant makes an insufficient showing on one." *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) (internal quotation marks omitted). The Supreme Court has recognized that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

## DISCUSSION

### I. Failure to File Notice of Appeal

Petitioner argues that his counsel was ineffective for failing to file an appeal

pursuant to Petitioner's request.  (Dkt. No. 523 at 23–24.)  Respondent argues that there is no evidence to support Petitioner's allegation because Petitioner explicitly waived his right to appeal.  (Dkt. No. 537 at 6–9.)

Plea agreements are contracts that must be reviewed under contract law standards. *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir. 1990).  A court should uphold a plea agreement unless the criminal defendant that pleaded guilty could not reasonably have understood the terms of the agreement.  *United States v. De la Fuente*, 8 F.3d 1333, 1337–38 (9th Cir. 1993) (internal citations omitted).  Waivers that are made voluntarily and knowingly by a criminal defendant are enforceable and do not violate the constitution.  *United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990). Courts should construe any ambiguities in plea agreements in favor of the defendants. *Id.*

Petitioner signed a Plea Agreement with Respondent agreeing that he would waive his right to appeal or collaterally attack the sentence or conviction under 18 U.S.C. § 3582 in exchange for the Government recommending an additional 2-level downward variance.  (Dkt. No. 362 at 3–4.)  Petitioner's initials appear at the bottom right-hand corner of each page of the agreement (*id.* at 1–13), and Petitioner's signature and the signature of his attorney appear on the last page of the agreement (*id.* at 13). The Plea Agreement states in relevant part:

> In exchange for the Government's concessions in this plea agreement, [Petitioner] waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction . . . . The [Petitioner] also waives, to the full extent of the law, any right to appeal or collaterally attack his sentence . . . . If [Petitioner] believes the Government's recommendation is not in accord with this plea agreement, [Petitioner] will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Id.* at 9.)

It is clear in the Plea Agreement that Petitioner agreed to waive his ability to appeal and collaterally attack the conviction or sentence.  In addition, the Court conducted an inquiry with Petitioner to ensure that Petitioner knowingly and voluntarily

1  agreed to waive his right to subsequently request modification of his sentence under 18
2  U.S.C. § 3582.  (*Id.* at 4–5.)  A criminal defendant may lawfully waive his right to
3  collaterally attack his sentence, and such waivers are enforceable subject only to a narrow
4  range of exceptions.  *Garcia-Santos v. United States*, 273 F3.d 506 (2d Cir. 2001).

5  The Section 2255 habeas inquiry is therefore typically restricted to whether the
6  guilty plea was voluntary and intelligent and counseled.  *United States v. Abarca*, 985
7  F.2d 1012 (9th Cir. 1993).  The law allows, in material part, that a defendant who has
8  pleaded guilty may file a Section 2255 motion to raise a claim that his plea was (a) not
9  voluntary and intelligent or (b) was based on ineffective assistance of counsel.
10 *United States v. Broce*, 488 U.S. 563, 569 (1989) (stating that a voluntary and intelligent
11 plea of guilty made by an accused person, who has been advised by competent counsel,
12 may not be collaterally attacked).  Petitioner makes no such claims in his petition; he
13 maintains that defense counsel was ineffective by not filing an appeal as directed.

14 Here, the record demonstrates that Petitioner knowingly and voluntarily entered
15 into a plea agreement waiving his right to appeal.  Thus, defense counsel's failure to file
16 an appeal at Petitioner's request cannot be considered ineffective assistance of counsel
17 where it would have violated the plea agreement.

18 **II.    Petitioner's Career Offender Status**

19 Petitioner argues that defense counsel was ineffective by failing to challenge the
20 use of Petitioner's 1994 state conviction for battery with serious bodily injury and 2007
21 misdemeanor conviction for disobeying a court order (gang injunction) for Career
22 Offender enhancement.  (Dkt. No. 523 at 19.)  Petitioner argues that the "erroneous
23 Career Offender designation and criminal history item had a significant impact on [his]
24 sentence: it increased his offense level from 29 to 31, and it increased the low-end of his
25 guideline range from 120 months to 188 months."  (*Id.* at 27.)  Petitioner further argues
26 that the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015),
27 that the residual clause in the Armed Career Criminal Act is unconstitutionally vague
28 applies to his case.  (*Id.* at 25–27.)  Respondent argues that defense counsel's

performance was not deficient, that Petitioner's Career Offender status is valid and was calculated correctly by the Court, and that even if Petitioner were correct, the record demonstrates that the alleged error was harmless. (Dkt. No. 537 at 10–12.)

First, there is no indication in the record that the Court based its sentencing determination on the 1994 state conviction for battery with serious bodily injury or disobeying a gang instruction. *See Gelfuso v. Bell*, 590 F.2d 754, 756 (9th Cir. 1978) (affirming dismissal of § 2255 petition where there was "no affirmative demonstration in the record . . . that the district judge based his sentence on improper information"). Second, the Career Offender enhancement was based upon a 1994 state controlled substances conviction and a 2009 federal controlled substances conviction, both of which are proper predicates for Career Offender status and are unaffected by the Supreme Court's holding in *Johnson*. *See* U.S.S.G. § 4B1.1(a).

Moreover, the Court properly considered the 1994 state controlled substances conviction because Petitioner violated his probation and was sentenced to a term of imprisonment that resulted in the Petitioner being incarcerated within fifteen years of Defendant's instant offense. *See* U.S.S.G. § 4A1.2(e). Accordingly, even without considering the 1994 state battery conviction, Petitioner qualified as a Career Offender for sentencing purposes based upon Petitioner's two prior federal controlled substances convictions. The Court correctly calculated Petitioner's Career Offender status.

Finally, Petitioner's argument that defense counsel was ineffective for failing to object to the use of his 2007 misdemeanor conviction for disobeying a court order (gang injunction) fails. In fact, his counsel timely filed objections to the presentence report and additional documents in support of Petitioner, including a mental health evaluation report, letters submitted on Petitioner's behalf, and certificates. (Dkt. Nos. 396, 398, 406, 411, 414.) In addition, given that the Petitioner was a Career Offender, his criminal history category was automatically a VI, with or without the misdemeanor conviction.

In sum, the Court rejects Petitioner's claim that defense counsel was ineffective on the foregoing grounds and rejects Petitioner's claim that the Court incorrectly calculated

his sentence in light of *Johnson*.

### III. Failure to Challenge the United States Probation Office's Use of the 2013 Sentencing Guidelines

Petitioner argues that defense counsel was ineffective by failing to object to the probation officer's use of the 2013 Sentencing Guidelines. (Dkt. No. 523.) Petitioner argues that he should have been sentenced under the modified 2014 Guidelines' drug tables, which would have given him a reduced sentence. (*Id.* at 22–23.) Respondent argues that Petitioner was not prejudiced by the probation officer's use of the 2013 edition of the Sentencing Guidelines. (Dkt. No. 537 at 12.)

The Court agrees with Respondent for two reasons. First, the 2013 edition was in effect at the time of his sentencing on July 11, 2014, as the modifications to the guidelines were not effective until November 1, 2014. (Dkt. No. 534 at 4.) Second, Petitioner knowingly and voluntarily waived his right to seek a subsequent modification in his sentence under 18 U.S.C. § 3582 in exchange for the government's recommendation of a 2-level downward variance, which the Court granted. (*Id.* at 4–5.) The basis for this agreement was that Petitioner's offense level would be adjusted to equate the offense levels under the pending November 1, 2014 guidelines. (*Id.*) Accordingly, the Court rejects Petitioner's claim that defense counsel was ineffective by failing to object to the probation officer's use of the 2013 Sentencing Guidelines.

### IV. Evidentiary Hearing

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must hold an evidentiary hearing on the merits of a § 2255 motion. 28 U.S.C. § 2255(b). The Ninth Circuit has explained the "standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam). Therefore, an evidentiary hearing is unnecessary if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United*

*States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal quotation marks omitted).

Petitioner fails to allege that he suffered from a constitutional, jurisdictional, or otherwise fundamental defect. Petitioner's allegations do not state a claim for relief. Accordingly, the Court finds that Petitioner's claims do not merit an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

Under AEDPA, a prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). The district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court *sua sponte* **DENIES** Petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated: December 14, 2016

Hon. Gonzalo P. Curiel
United States District Judge